# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4037 | **DATE** | December 22, 2011 |
| **CASE TITLE** | Rizzo v. J & J Trucking/J & J Trucking v. Local Union 786 | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss the third-party complaint [23-1] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

    Edward Rizzo, as Trustee for Local 786 Building Material Fund and Local 786 Severance Fund, filed suit against J&J Trucking for failure to submit payroll records to facilitate an audit of contributions due by J&J under the collective bargaining agreement. J&J Trucking then filed a third-party complaint against Local 786 alleging fraud. Specifically, J&J alleges that Edward Rizzo, as secretary-treasurer of Local 786, tricked J&J's president, Jesus Barajas, by calling Barajas to his office and telling him to sign a one-page document necessary to renew his card as an owner-operator. According to J&J, the one page was, unbeknownst to Barajas, actually the final signatory page of the 27-page collective bargaining agreement. J&J alleges one count of fraud in the execution and one count of fraud in the inducement. The court has supplemental jurisdiction over the third-party complaint under 28 U.S.C. § 1367.

    Local 786 now seeks to dismiss the third-party complaint on the grounds that: (1) the "reasonable inferences to be drawn from the facts in the pleading" are that no fraud occurred; and (2) the facts alleged fail to support a plausible claim of fraud under Rule 9(b).

    As to the first point, on a motion to dismiss for failure to state a claim, all inferences are to be drawn in favor of the nonmovant third-party plaintiff, J&J Trucking. Local 786 notes that the page that Barajas signed stated that "In witness whereof the parties have caused this Agreement to be executed . . . ." According to Local 786, the reference to an Agreement indicates that Barajas should have known that he was signing an agreement and not a renewal of his owner-operator card. In addition, Local 786 asserts that the fact that J&J alleges that Barajas was signing a renewal card means that a reasonable inference is that he had previously signed agreements with the union and therefore knew that he was signing an agreement. These inferences, however, are drawn in favor of Local 786, and not the plaintiff, and therefore do not provide a basis upon which to dismiss the third-party complaint.

**STATEMENT**

Local 786 further argues that the facts alleged do not sufficiently state a claim for fraud. Rule 9(b) "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610 (7th Cir. 2011). The third-party complaint alleges that on February 11, 2011, J&J's president, Barajas, met with Rizzo at 300 South Ashland Avenue, Chicago, Illinois. At that meeting, Rizzo purportedly placed one page of the collective bargaining agreement in front of Barajas and told him that he needed to sign that page in order to renew his card as an owner-operator. The third-party complaint further alleges that Rizzo misrepresented the nature of the document to Barajas and made the misrepresentations knowing that they were false and intending Barajas to rely on them. These allegations are sufficient to satisfy Rule 9(b) in this case.

In his reply, though not entirely clear, Rizzo appears to argue that since Barajas had to sign an owner-operator card anyway in order to pay dues to the union, no fraud could have occurred. As an initial matter, new arguments raised in a reply brief are waived. *See U.S. v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006) ("Arguments made for the first time in a reply brief are waived"). Moreover, Rizzo's argument seems to miss the gist of the allegations, which are that Rizzo misrepresented to Barajas the nature of the document he was signing on February 11, 2011. Whether Barajas had to sign another document in order to pay union dues is irrelevant to the allegations at issue. Therefore, this basis for dismissal is rejected both because it was raised for the first time in the reply brief and also because it has no merit.

To the extent that Rizzo's other arguments require the court to address the merits of the fraud claim, the court declines to do so at this stage of the litigation. The motion to dismiss the third-party complaint [23-1] is denied.